IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No.:  15-31014 |
| Orchard Vale Condominium Association, | ) | Chapter 11 |
| | ) | Judge Donald R. Cassling |
| Debtor/Debtor-in-Possession. | ) | |
| | ) | **Hearing Date: October 27, 2015** |
| | ) | **Hearing Time 9:30 a.m.** |

**NOTICE OF MOTION**

To:     See attached Service List

PLEASE TAKE NOTICE that on  October 27, 2015 at 9:30 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Donald R. Cassling, Courtroom 619, United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, or any other judge sitting in his stead, and shall then and there present the attached **MOTION OF COLONY COUNTRY COMMUNITY ASSOCIATION TO MODIFY STAY TO ALLOW STATE COURT TO ENTER FINAL JUDGMENT LIQUIDATING CLAIM AND FOR OTHER RELIEF**, a copy of which is attached hereto and hereby served upon you.

Respectfully Submitted,

**COLONY COUNTRY
COMMUNITY ASSOCIATION,**

By:/s/ Michael K. Desmond
        One of Its Attorneys

Michael K. Desmond (#6208809)
William G. Cross (#6299574)
Figliulo & Silverman, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, IL 60603
312-251-5287

1

## CERTIFICATE OF SERVICE

The undersigned attorney states that on October 21, 2015 copy of the attached:

**MOTION OF COLONY COUNTRY COMMUNITY ASSOCIATION TO MODIFY STAY TO ALLOW STATE COURT TO ENTER FINAL JUDGMENT LIQUIDATING CLAIM AND FOR OTHER RELIEF**

will be served on all counsel listed below in accordance with the General Order on Electronic Case Filing and subject to the provisions of Fed. R. Civ. P. 5(b)(3), the Notice of Electronic Filing that is issued through the court's Electronic Case Filing System will constitute service under Fed. R. Civ. P. 5(b)(2)(D) and Fed. R. Crim. P. 49(b) as to all Filing Users in a case assigned to the court's Electronic Case Filing System.  All manually served parties and the List of Creditors attached will be served by depositing a copy of same in the U.S. Mail at 10 S. LaSalle St., Chicago, IL 60603 on October 21, 2015, before the hour of 5:00 p.m., proper postage prepaid by the undersigned.

/s/ Michael K. Desmond

## SERVICE LIST

## Mailing Information for Case 15-31014

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- William Cross    wcross@fslegal.com
- Jeffrey C Dan    jdan@craneheyman.com, gbalderas@craneheyman.com;dwelch@craneheyman.com;jmunoz@craneheyman.com
- Michael K Desmond    mdesmond@fslegal.com, dorisbay@fslegal.com
- Thomas W. Goedert    tgoedert@craneheyman.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Scott A. Nehls    snehls@frltd.com, sanehls@gmail.com
- Richard C Perna    rperna@frltd.com, lbobka@frltd.com
- Brian P Welch    bwelch@craneheyman.com, gbalderas@craneheyman.com

## Manual Notice List

Barrington Bank & Trust Co.
201 S. Hough St.
Barrington, IL  60010

2

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| | |
|---|---|
| AT&T<br>P.O. Box 8100<br>Aurora, IL 60507-8100 | Midwest Maintenance & Mgmt.<br>P.O. Box 1726<br>Bolingbrook, IL 60440 |
| Colony Country Comm. Assoc.<br>c/o Hillcrest Prop. Mgmt.<br>55 W. 22nd St., #310<br>Lombard, IL 60148 | Ron's Landscape & Snow Removal<br>P.O. Box 340<br>Prospect Heights, IL 60070 |
| ComEd<br>P.O. Box 6111<br>Carol Stream, IL 60197 | Steamin Mad Inc.<br>648 Cambridge Way<br>Bolingbrook, IL 60440 |
| Constellation Energy Services<br>P.O. Box 3145<br>Milwaukee, WI 53201-3145 | Tyco Integrated Security<br>P.O. Box 371967<br>Pittsburgh, PA 15250-7967 |
| Dickler, Kahn, Slowikowski & Zavell<br>85 W. Algonquin Rd.<br>Arlington Heights, IL 60005-4424 | USA Fire Protection, Inc.<br>Attn: Debbie Frazier<br>28427 N. Ballard Dr., Unit H<br>Lake Forest, IL 60045 |
| GHC Mechanical Inc.<br>990 Pauly Dr.<br>Elk Grove Village, IL 60007 | Village of Mount Prospect<br>50 S. Emerson St.<br>Mount Prospect, IL 60056 |
| Jeffrey Elevator Co., Inc.<br>Attn: Nick<br>570 Estes Ave.<br>Schaumburg, IL 60193-4446 | Waldman Engineering Cons.<br>1240 Iroquois Ave., Suite 506<br>Naperville, IL 60563 |

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No.:  15-31014 |
| Orchard Vale Condominium Association, | ) | Chapter 11 |
| | ) | Judge Donald R. Cassling |
| Debtor/Debtor-in-Possession. | ) | |
| | ) | **Hearing Date: October 27, 2015** |
| | ) | **Hearing Time 9:30 a.m.** |

**MOTION OF COLONY COUNTRY COMMUNITY ASSOCIATION TO MODIFY
STAY TO ALLOW STATE COURT TO ENTER FINAL
JUDGMENT LIQUIDATING CLAIM AND FOR OTHER RELIEF**

Colony Country Community Association ("CCCA"), by and through its attorneys, moves

this Court pursuant to 11 U.S.C. § 362(d) and the Federal Rules of Bankruptcy Procedure 4001,

for relief from the automatic stay in the Chapter 11 case of Orchard Vale Condominium

Association ("Debtor")[1], to allow the State Court to enter a final judgment liquidating CCCA's

remaining claims against the Debtor in a state court proceeding pending under the caption

*Colony Country Community Association v. Orchard Vale Condominium Association No. 1 et al.,*

*Case No. 11 CH 10120.*   In addition, CCCA seeks to lift the stay to allow it to pursue its state

law remedies against the non-debtor unit owners.   In support thereof, CCCA states as follows:

**INTRODUCTION**

1.      On September 11, 2015, the Debtor filed a voluntary petition for relief under

Chapter 11 of the United States Bankruptcy Code, 11 U.S.C §§ 101 *et. seq.* ("Bankruptcy

Code").  The Debtor has remained in possession and control of its assets and continues to operate

its business pursuant to 11 U.S.C. §§ 1107 and 1108.

---

[1] According to the Illinois Secretary of State the legal name for the Debtor is registered as "Orchard Vale
Condominium Association No.1."

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (G) and (O).

3.    CCCA is a judgment creditor of the debtor by virtue of a judgment entered by

the Circuit Court of Cook County on April 20, 2015 in the amount of $205,133.79.  CCCA is by

far the largest creditor of this estate, and according to the Debtor's Schedule F, the amount listed

as due and owing to CCCA is undisputed.  [*Dkt No*. 17 at p. 9].

## PRE-PETITION LITIGATION

4.    The Debtor is an Illinois corporation that is the owner and operator of a

condominium building located at 1400 N. Elmhurst Road, Mount Prospect, Illinois ("Property").

5.    The Property is comprised of a four story, 75-unit brick building, including

common areas and landscaping.

6.     CCCA is a master homeowners association that is comprised of several member

associations, including the Debtor.  One of CCCA's primary responsibilities was the creation and

maintenance of several commonly owned properties, including a community swimming pool and

club house, among other facilities ("Common Facilities").  Since their construction, CCCA has

continuously levied assessments upon the member associations to fund the maintenance and

upkeep of the Common Facilities.

7.    Pursuant to various declarations and bylaws, the member associations collect

assessments from their respective unit owners and remit their proportionate share of assessments

to CCCA.  In return, the unit owners are permitted to use the Common Facilities, and the

member associations appoint representatives to serve on the Board of CCCA.

8.    In 2010, a dispute arose between CCCA and the Debtor regarding whether the

Debtor was ever properly added to the master association, and whether it is required to pay for

2

assessments for the use and upkeep of the Common Facilities.  Thereafter, the Debtor attempted

to separate from the master association, removed its representatives from the CCCA Board and

ceased payment of assessments to CCCA.

9.      CCCA filed a complaint seeking a declaration that the Debtor is legally bound to

membership in the master association and thus has an obligation to pay past-due and current

assessments.  The case was filed under the caption *Colony Country Community Association v.*

*Orchard Vale Condominium Association No. 1 et al., Case No. 11 CH 10120* ("the Lawsuit").

10.     On April 20, 2015, the Circuit Court of Cook County entered a judgment in favor

of CCCA, finding that the Debtor has always been and continues to be legally bound to the

CCCA Declaration and is liable for its proportionate share of the assessments regarding the

recreational facilities, both retroactively and prospectively.  Judgment was entered against the

Debtor in the amount of $205,133.79. The Circuit Court also granted leave to CCCA to

supplement the record for additional amounts due to CCCA which accrued while summary

judgment was pending.  A copy of the Memorandum Opinion and Order is attached hereto as

Exhibit 1.

11.     The dispute also involved a related non-debtor entity known as Orchard Vale

Condominium No. 2.  Judgment was also entered against Orchard Vale Condominium No. 2 in

the amount of $58,485.45.  *Id*. at Ex. 1.

12.     On May 4, 2015, CCCA filed a Petition to Amend the Judgment.  On June 30,

2015 the Debtor filed its response, and on September 10, 2015, CCCA filed a Supplement To Its

Petition To Amend Judgments Based on Supplemental Certification Of Amounts Owed And For

Prejudgment Interest And Attorney's Fees.  A true and correct copy is of the Supplement is

attached hereto as Exhibit 2.

## BASIS FOR RELIEF REQUESTED

13.    By this motion, CCCA seeks relief from the automatic stay to allow the State Court to rule on CCCA's pending Petition To Amend the Judgment, and to enter final judgment liquidating CCCA's claims against the Debtor.    In addition, CCCA seeks to lift the stay to allow it to pursue its state law remedies against the non-debtor unit owners.

14.    Section 362(d) provides that the bankruptcy judge shall grant relief from the stay for "cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).  "Cause" is not defined under § 362(d) of the Bankruptcy Code and is generally determined on a case-by-case basis.  *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).  In addition to a lack of adequate protection, a desire to permit a pending action to proceed to completion before another tribunal may also provide cause for relief.  *In re Patrick R. Walbran*, 2000 Bankr. LEXIS 1374 at *5 (Bankr. N.D. Ill. Nov. 22, 2000)(court modified stay to allow creditor to proceed with state court action where matter was entirely a question of state law).

15.    In determining whether "cause" exists to modify the stay, courts have generally applied a three pronged test including: 1) whether the debtor will be prejudiced by continuation of the civil suit; 2) whether the hardship to the non-debtor party by maintenance of the stay considerably outweighs the hardship to the debtor; and 3) whether the creditor has demonstrated a probability of success on the merits. *Fernstrom*, 938 F.2d at 735.  Some courts have rejected the third prong requirement of a merits analysis in a claims liquidation case, finding that requiring the bankruptcy court to conduct a merits analysis defeats the objective of conserving judicial resources and frustrates the effort to resolve stay motions expeditiously. *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990)(district court affirmed decision modifying automatic stay to

4

allow action to proceed in state court in order to liquidate claim); *see also In re Harris*, 85 B.R. 858, 860 (Bankr. D. Colo. 1988)(rejecting requirement of merits analysis).   Here, all three elements favor a modification of the stay to allow CCCA to liquidate its claim in the pending State Court proceeding.

### I.        Modifying The Stay Will Not Result In Prejudice To The Debtor.

16.        Allowing the State Court to enter final judgment liquidating CCCA's claim will not result in any prejudice to the Debtor.  A final determination as to the amount of CCCA's claim against the Debtor will have to be made by the State Court or the Bankruptcy Court.  The dispute at issue is entirely a question of state law.  The parties have spent more than 4 years litigating their claims and have incurred significant fees and costs.  The State Court has invested considerable time in this matter and has already found that the Debtor has always been and continues to be legally bound to the CCCA Declaration and is liable for its proportionate share of the assessments regarding the recreational facilities, both retroactively and prospectively. (Exhibit 1 at p. 15).  The State Court already entered judgment in favor of CCCA in the amount of $205,133.79, and granted CCCA leave to supplement the record for additional amount due to CCCA.  *Id.*  On May 4, 2015, CCCA filed a petition to amend the judgment.  On June 30, 2015, the Debtor and other defendants filed their responsive pleading and on September 10, 2015, CCCA filed a Supplement To Its Petition To Amend Judgments Based on Supplemental Certification Of Amounts Owed And For Prejudgment Interest And Attorney's Fees.  The State Court is now in a position to enter a final judgment.

17.        Requiring CCCA to now liquidate the entirety of its claim before this Court would be unnecessarily repetitive, expensive and time-consuming.  Regardless of the forum, the Debtor will incur the legal costs of resolving the remaining portion of CCCA's claim. Courts

have routinely rejected the notion that the prospect of incurring continuing legal fees provides a basis for denial of a motion to modify stay. *In re Peterson*, 116 B.R. at 250 (prospect of litigation expenses does not justify continuation of stay in malpractice action); *In re Harris*, 85 B.R. at 860 (litigation costs alone do not justify continuation of the stay).

18.       Finally, CCCA merely seeks to liquidate its claims in the State Court proceeding in order to obtain a final judgment on its claims *vis a vis* the Debtor. The Seventh Circuit has recognized that this type of arrangement results in no prejudice to the debtor. *Fernstrom*, 938 F.2d at 736.

**II.       Judicial Efficiency Warrants Modification Of The Automatic Stay.**

19.        Judicial economy will be served by modifying the automatic stay to allow the State Court to enter final judgment in this matter. This case has been fully litigated, and the only remaining act for the State Court to perform is the entry of a final judgment. There is also a non-debtor defendant, Orchard Vale Condominium No. 2, who is a party to the State Court proceeding. It would be a waste of judicial resources to have the State Court enter final judgment with respect to the non-debtor defendant, and to have this Court liquidate CCCA's claim against the Debtor in a separate proceeding. It would also be unnecessarily repetitive, expensive and time-consuming, and there is a potential risk of inconsistent judgments.

20.        In a similar case the district court affirmed the bankruptcy court's order modifying the stay, finding that judicial efficiency would be satisfied by lifting the stay. *In re Quay Corp., Inc.*, 2006 WL 208704 at *2 (N.D. Ill., Jan. 24, 2006)(bankruptcy court modified the stay to allow an almost fully litigated case to proceed to judgment); *see In re Philadelphia Athletic Club, Inc.*, 9 B.R. 280, 282 (Bankr. E.D. Penn. 1981)(court modified stay to allow creditor to liquidate claim to its conclusion, finding that it would be a waste of judicial resources

6

to re-litigate same claim before the bankruptcy court); *In re Betzold*, 316 B.R. 906, 915 (Bankr. N.D. Ill. 2004)(court modified stay to allow arbitration proceeding to continue to liquidate claim against debtor).

### III.   Balancing of Interests Favors Modification of The Stay.

21.   CCCA has been forced by this Debtor to incur significant legal fees and expenses asserting its claims in the State Court proceeding.  This Chapter 11 proceeding was filed in an effort to prevent the State Court from entering final judgment.  The dispute at issue is entirely a question of state law, and the State Court is in the best position to resolve the remaining portion of CCCA's claim.  CCCA's claim is the largest claim in this Chapter 11 proceeding, and this claim must be liquidated in its entirety in order for the Chapter 11 case to proceed.  It would be in the best interests of all parties to permit the State Court to liquidate CCCA's claim. The Debtor will incur the legal costs of resolving the remaining portion of CCCA's claim, regardless of the forum.  *In re Harris*, 85 B.R. at 860 (litigation costs alone do not justify continuation of the stay).  As discussed above, requiring CCCA to now liquidate the entirety of its claim before this Court would be unnecessarily repetitive, expensive and time-consuming.

22.   Additionally, the other defendant to the State Court Lawsuit, Orchard Vale Condominium No. 2, is not subject to this Court's jurisdiction.  As discussed above, it would also be unnecessarily repetitive, expensive and time-consuming to require CCCA to litigate its claims in two separate forums, and there is a potential risk of inconsistent judgments.  Based on the above, a balancing of the interests weighs in favor of modifying the stay.

### IV.   CCCA Is Likely To Prevail On The Merits.

23.   Several courts have rejected the requirement of a merits analysis when resolving similar motions to modify the stay.  *In re Harris*, 85 B.R. at 860.  Notwithstanding, all that is

required under this analysis is a minimal showing that that the plaintiff can establish a prima facie case. *See In re Peterson*, 116 B.R. at 249. Here, the State Court has already entered a judgment that the Debtor owes CCCA $205,133.79, and invited CCCA to supplement the record with respect to the balance of the amount claimed due to CCCA. CCCA's motion to supplement its claim and for assessment of prejudgment interest, attorney's fees and for entry of final judgment has been briefed by the parties and is set for entry of judgment by the State Court. CCCA's claims for pre-judgment interest and attorney's fees are purely a question of state law. Given that the State Court has already entered summary judgment in favor of CCCA, CCCA is likely to prevail on the merits.

**V.    The Rooker-Feldman Doctrine Prohibits Bankruptcy Court From Reviewing The State Court Decision.**

24.     The State Court has already found that the Debtor has always been and continues to be legally bound to the CCCA Declaration and is liable for its proportionate share of the assessments regarding the recreational facilities, both retroactively and prospectively. Judgment was entered against the Debtor in the amount of $205,133.79. The Debtor cannot now re-litigate that claim in the form of a claim objection or other proceeding before the Bankruptcy Court. The Rooker–Feldman Doctrine prohibits lower federal courts from reviewing state court decisions. *See Taylor v. Fannie Mae*, 374 F.3d 529, 532 (7th Cir. 2004)(a federal court action alleging an injury inextricably intertwined with a state court decision, such that success in the federal court would require overturning the state court decision is barred by the Rooker-Feldman doctrine). As such, the Bankruptcy Court cannot review the State Court's prior ruling.

8

**VI.   The Automatic Stay Does Not Apply To CCCA's Claims Against Non-Debtor Defendants.**

25.      Finally, Orchard Vale Condominium No. 2, is a non-debtor defendant in the State Court Lawsuit, and is not subject to this Court's jurisdiction.  Nothing in Section 362(a) of the Bankruptcy Code prevents CCCA from continuing to pursue its claims against Orchard Vale Condominium No. 2.[2] (*See* 11 U.S.C. §362(a)).

**VII.   CCCA Seeks To Modify The Stay To Pursue Its Remedies Against The Individual Unit Owners**.

26.      By this motion, CCCA also seeks to modify the stay to allow it to pursue its state law remedies against the individual unit owners, either directly or indirectly.  While the CCCA does not believe that the individual unit owners are subject to the Bankruptcy Court's jurisdiction, nor do the individual units constitute property of the Debtor's estate, CCCA seeks this relief out of an abundance of caution.

27.      The relationship between CCCA and the Debtor is governed by the Declaration of Easements, Covenants and Restrictions of CCCA (the "CCCA Declaration") and the By-Laws of CCCA (the "CCCA By-Laws"), copies of which are attached as Exhibit 3 and Exhibit 4, respectively. Section 9.09 of the By-Laws provides that if a unit owner is in default on assessments owed to the CCCA for more than thirty days, "[CCCA] may require the Board of Managers of such Voting Member's Condominium Association to bring suit for and on behalf of the Board, in its own right and as representative of all Voting Members who are subject to assessments as herein provided, to enforce the collection thereof or to foreclose the lien therefore, all as provided in and subject to the Declaration of Condominium Ownership applicable to such Association…" (CCCA By-Laws, Exhibit 4, § 9.09.)  CCCA therefore has the

---

[2] Counsel for the Defendants has suggested  to the State Court Judge that the CCCA may be prevented from continuing to pursue its claims against Orchard Vale Condominium No. 2 by operation of the automatic stay in this case.  There is no authority which supports such a position.

right to compel the Board of Managers of the Debtor to bring suit against the unit owners or foreclose liens for non-payment of assessments.

28.      In addition, CCCA may seek to enforce collection of the assessments directly against the unit owners. Each owner covenanted to pay the assessments owed to CCCA (CCCA Declaration, Exhibit 3, Art. 6.02), and the CCCA Declaration permits CCCA to enforce those covenants (*Id.*, Art. 7.03). Additionally, the Illinois Condominium Property Act provides that each owner's unpaid assessments, together with costs of collection, are a lien against such owner's unit that CCCA may enforce. 765 ILCS 605/9(g). Finally, the CCCA By-Laws permit CCCA to enforce collection of certain assessments and foreclose certain liens. (CCCA By-Laws, Exhibit 4, Section 9.09.)

29.      The individual owners are non-debtors, their individual units are not property of the estate and are not subject to this Court's jurisdiction.   Therefore CCCA seeks relief from the automatic stay to pursue its state law remedies against the individual unit owners, or in the alternative, requests a declaration from this Court that the automatic stay does not prevent CCCA from seeking to enforce its remedies against the non-debtor unit owners.

30.      Modifying the stay results in no prejudice to the Debtor as the individual units are not property of the estate.  Additionally, the Debtor will not be prejudiced if it is required to collect from its individual owner-members the assessments that the Debtor owes to CCCA. The State Court has already determined that the Debtor is obligated to pay assessments to CCCA. (Exhibit 1, p. 15.) The Declaration of Condominium Ownership and of the Easements, Restrictions, Covenants and By-Laws for Orchard Vale Condominium Association No. 1 (the "Debtor's Declaration") requires unit owners to pay these assessments to the Debtor (Debtor's Declaration, Exhibit 5, Art. XII), and it further empowers the Debtor to enforce payment by

imposing liens for nonpayment and foreclosing such liens (*Id.*, Art. 11.03). Moreover, the

Debtor's Declaration permits the Debtor to recover attorneys' fees, court costs, and other fees

and expenses incurred in connection with failure to pay the assessments. (*Id.*, Art. 11.01.) The

Debtor cannot be prejudiced by enforcing obligations where it is required to do so and where it

will not ultimately have to bear the cost.

31.    In contrast, CCCA will be harmed if the stay is not lifted for purposes of

requiring the Debtor to comply with its contractual obligation. As a condominium association,

the Debtor's revenue comes directly from the assessments paid by its member-owners. CCCA –

the Debtor's largest creditor – should not be placed as a disadvantage because the Debtor refuses

to collect those assessments. Indeed, the CCCA By-Laws specifically protected CCCA from this

very situation by allowing CCCA to require the Debtor to collect assessments.

32.    Finally, judicial efficiency favors lifting of the stay for this purpose. Plaintiff

may seek the same relief against Orchard Vale Condominium Association No. 2, the non-debtor

defendant in the State Court Lawsuit.  It would be unnecessarily duplicative and inefficient for

CCCA to bring the same request in two different forums. Based on this and the factors discussed

above, a balancing of the interests weighs in favor of modifying the stay.  Finally, CCCA has a

strong probability of success on the merits because the governing contracts grant CCCA the right

to require the Debtor to enforce collection of assessments from unit owners, and the State Court

has already determined that the Debtor is obligated to pay assessments to CCCA.

## CONCLUSION

Based on the foregoing, cause exists to modify the automatic stay pursuant to 11 U.S.C. §

362(d)(1), to allow the State Court to enter judgment liquidating CCCA's claim against the

Debtor in the pending State Court proceeding.  Additionally, the automatic stay does not prevent

CCCA from seeking to enforce its judgment against the non-debtor defendant, Orchard Vale Condominium No. 2.  Finally, the stay should be modified to allow CCCA to pursue its state law remedies against the non-debtor unit owners.

WHEREFORE, Colony Country Community Association, respectfully requests the entry of an order modifying the automatic stay to allow the State Court to enter final judgment liquidating the claim against the Debtor in the pending State Court proceeding, declaring that the automatic stay does not prevent CCCA from seeking to enforce its judgment against the non-debtor defendant, Orchard Vale Condominium No. 2, modifying the stay to allow CCCA to pursue its state law remedies against the non-debtor unit owners and for such other relief as this Court deems deemed just proper.

Dated:  October 21, 2015

Respectfully Submitted,

**COLONY COUNTRY COMMUNITY ASSOCIATION,**

By:/s/ Michael K. Desmond
    One of Its Attorneys

Michael K. Desmond (#6208809)
William G. Cross (#6299574)
Figliulo & Silverman, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, IL 60603
312-251-5287